# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HAROLD K. GAUSE,<br>             Appellant, | DOCKET NUMBER<br>DC-3330-19-0333-I-1 |
|      v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>             Agency. | DATE: June 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rueben Cartwright, Esquire, Humble, Texas, for the appellant.

Christina J. Knott, Esquire, and Damon A. Pace, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant is an Economic Assistant, GS-0119-07, Step 7, with the Bureau of Labor Statistics in the Department of Labor. Initial Appeal File (IAF), Tab 1 at 8. The appellant applied for the position of Equal Employment Opportunity Specialist, GS-0260-13, with the Deputy Assistant Secretary for Office of Resolution Management in the Department of Veterans Affairs, but on January 17, 2019, the agency notified the appellant that he was ineligible for the position because he did not meet the time-in-grade requirement for the position. IAF, Tab 1 at 9, Tab 13 at 11-25. The appellant requested reconsideration of this decision, which the agency denied. IAF, Tab 4 at 26-30. On February 20, 2019, the appellant timely filed a complaint with the Veterans' Employment and Training Service in the Department of Labor (VETS) in which he alleged that, in determining that he did not meet the time-in-grade requirement, the agency failed to credit all of his education and work experience. IAF, Tab 1 at 10-13. On February 25, 2019, VETS informed the appellant that it was closing its case and informed him of his right to file a Board appeal. IAF, Tab 4 at 31-32. On February 27, 2019, the appellant timely filed the instant Board appeal; he did not request a hearing. IAF, Tab 1. He again argued that the agency failed to credit him for all of his work experience when it determined that he did not meet the time-in-grade requirement. *Id*. at 6.

Based on the written record, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 19, Initial Decision (ID). She found that the appellant had established the Board's jurisdiction over his VEOA claim. ID at 4-5. She then found that the vacancy announcement's requirement that, as a Federal employee currently holding a General Schedule (GS) position, the appellant must have completed a minimum of

52 weeks in a GS-12 position in order to be eligible for advancement to a GS-13 position was consistent with Office of Personnel Management regulations governing such advancements. ID at 5-9. The administrative judge also found that there was no evidence that the appellant had the requisite time in grade and that, as a current Federal employee, the appellant was not entitled to have his non-Federal experience credited towards the time-in-grade requirement. ID at 9-12. Finally, the administrative judge determined that there was no evidence that the vacancy was cancelled due to the appellant's application, and to the extent that the appellant alleged that the agency's actions occurred in retaliation for his prior equal employment opportunity activity, he did not offer any evidence that this occurred or obstructed his right to compete. ID at 12-13.

On June 19, 2019, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The Acting Clerk of the Board informed the appellant that his petition for review appeared to be untimely filed and that the Board's regulations require an apparently untimely petition to be accompanied by a motion to accept the petition as timely or to waive the time limit for good cause and an affidavit or sworn statement to that effect. PFR File, Tab 2 at 1-2. The appellant did not file such a motion. The agency opposed the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must generally be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Shannon v. Department*

*of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 6 (2009). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

The appellant's petition for review of the May 14, 2019 initial decision was due on June 18, 2019, and the appellant's petition for review was postmarked on June 19, 2019, which was 1 day late. ID at 14; PFR File, Tab 1 at 23, 25; *see* 5 C.F.R. § 1201.4(*l*) (stating that the date of filing by mail is determined by the postmark date). Even a delay of 1 day can warrant dismissal of an untimely petition for review. *Cf. Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶¶ 9-10 (2017) (dismissing an initial appeal filed 1 day late). The appellant has offered no explanation for the untimely filing or any indication that circumstances beyond his control prevented him from timely filing his petition. He is represented and possesses a law degree himself. PFR File, Tab 1 at 24. Under the circumstances, the appellant has not shown good cause to waive the untimely filing of his petition for review.[2]

Accordingly, we dismiss the petition for review as untimely filed.[3] This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's request for corrective action.

---

[2] Moreover, the appellant's arguments regarding the merits of his appeal do not establish a basis on which to grant the petition for review. PFR File, Tab 1.

[3] The appellant's request to join the instant appeal with a second appeal that is before the Board on petition for review is denied, as joinder would not expedite the processing of the cases. PFR File, Tab 1 at 2-3; *Gause v. Railroad Retirement Board*, MSPB Docket No. CH-3330-19-0233-I-1, Petition for Review File, Tab 1; *see* 5 C.F.R. § 1201.36(b) (providing that joinder is appropriate if it would expedite processing of the cases and not adversely affect the interests of the parties).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.